# Exhibit B



**BOARD OF GOVERNORS
OF THE
FEDERAL RESERVE SYSTEM
WASHINGTON, D. C. 20551**

ADDRESS OFFICIAL CORRESPONDENCE
TO THE BOARD

January 16, 2025

Jason Mikula
Fintech Business Weekly
3131 Marshall Lane
Mundelein, Illinois  60060

Re:  *Freedom of Information Act Request No. FOIA-2024-00887*

Dear Mr. Mikula:

This is in response to your electronic message dated and received by the Board on July 19, 2024.  Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, you request the following information from January 1, 2023, to July 19, 2024:

> any records, including but not limited to emails, meeting notes, calendar entries, presentations, and the like, relating to "Synapse," "Synapse Financial Technologies," and "Synapse Brokerage" at the Federal Reserve Board and the St. Louis Federal Reserve, specifically.

Please be advised that the Board cannot process your request as written because it is vague and lacks the specificity necessary to allow Board staff to identify responsive records.  To be considered a proper FOIA request, the Board's Rules Regarding Availability of Information ("Board's Rules") require that a request must include "[a] description of the records that enables the Board's staff to identify and produce the records with reasonable effort and without unduly burdening or significantly interfering with any of the Board's operations."  12 C.F.R. § 261.11(b)(2).  As currently written, this request is unduly vague because it is written in such a way that FOIA staff are not able to determine the type of records you would consider responsive to your request.  Specifically, your request asks Board staff to search "any records, including . . .  emails, meeting notes, calendar entries, presentations, and the like" that use the terms listed above but does not provide an adequate description of the subject matter in which such terms would be responsive.  As you may be aware, the search terms provided in your request can appear in several different contexts, and without further information from you as to the specific types of records you are seeking, Board staff cannot process your request with reasonable effort and without unduly burdening or significantly interfering with any of the Board's operations.

Further, please be advised that requests that use terms such as "any" and "all" generally cannot be processed because they do not identify specific records and are too broad in scope to enable staff to perform searches with reasonable effort and without significantly interfering with the Board's operations. In this regard, you may be interested to know that courts have held that requests seeking "any" and "all" documents related to a particular matter fail to reasonably describe records.[1]

Because your request does not comply with the requirements of section 261.11(b)(2) of the Board's Rules, it is not considered a proper FOIA request and, therefore, will not be processed as written. You may revise your request in light of this deficiency. For example, you may wish to consider describing your request with greater specificity such as by identifying the specific subject matter you wish the Board to search for. Please be advised, however, that to the extent you are seeking information related to Synapse Financial Technologies and/or Synapse Brokerage that may be in the Board's records because of the Board's supervision of Evolve Bank, which had a service agreement with Synapse Financial Technologies, Inc., or otherwise are seeking confidential supervisory information that is in the Board's possession due to the Federal Reserve's supervisory oversight function, such information and records would, by their very nature, be exempt from disclosure pursuant to Exemption 8 of the FOIA, 5 U.S.C. § 552(b)(8).

In light of the above information pertaining to the vagueness of your request and that any request for confidential supervisory information may be denied in full pursuant to Exemption 8, if applicable, please advise the Board, in writing, whether you wish to revise your request in a manner consistent with FOIA and the Board's FOIA rules on or before **February 18, 2025**. If the Board does not hear from you by **February 18, 2025**, your request will be administratively closed without prejudice to your right to submit a revised request to the Board in the future.

Very truly yours,

Benjamin W. McDonough
Deputy Secretary of the Board

---

[1] *See CNN, Inc. v. FBI*, 271 F. Supp. 3d 108, 110, 112 (D.D.C. 2017) (FOIA request seeking "[a]ny and all documents and records . . . [which] relate in any way to" any memos written by FBI director held to be vague and did not exhaust administrative remedies); *Dale v. I.R.S.*, 238 F. Supp. 2d 99, 104-105 (D.D.C. 2002) (concluding that a request that sought "any and all documents" related to a particular term failed to reasonably describe records sought and "amounted to an all-encompassing fishing expedition of files at [agency's] offices … at taxpayer expense").